This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38978**

**REPUBLICAN PARTY OF NEW MEXICO**
**and MIKE TELLEZ,**

   Plaintiffs-Appellants,

v.

**MAGGIE TOULOUSE OLIVER, in her**
**official capacity as Secretary of State of the**
**State of New Mexico; and AMANDA LOPEZ**
**ASKIN, in her official capacity as the County**
**Clerk of Doña Ana County,**

   Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Court Judge**

Harrison & Hart, LLC
Carter B. Harrison IV
Albuquerque, NM

for Appellants

Dylan K. Lange, General Counsel
Santa Fe, NM

for Appellee Maggie Toulouse Oliver, Secretary of State

Nelson J. Goodin, Doña County Attorney
Las Cruces, NM

for Appellee Amanda Lopez Askin, Doña County Clerk

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiffs Republican Party of New Mexico (RPNM) and Mike Tellez filed a complaint against the Secretary of State of New Mexico (the Secretary) and the County Clerk of Doña Ana County (collectively, Defendants), alleging that the Secretary issued an erroneous interpretation of a provision in the Election Code to the Doña Ana County Absent Voter Election Board (AVEB), leading the AVEB to incorrectly qualify certain ballots. Plaintiffs appeal the district court's order dismissing their complaint for lack of standing. In their briefs, Plaintiffs argued the district court erred in concluding that they lack standing and, even if they do lack standing, this Court should confer standing due to questions of great public importance raised by the case. Plaintiffs thus contended that this Court should reach the merits of the case to correct the Secretary's erroneous interpretation of the Election Code. During the pendency of this appeal, however, the Legislature amended the provision of the Election Code that Plaintiffs had requested that we interpret. Based on the Legislature's amendment, we conclude the case is moot and dismiss the appeal.

## BACKGROUND

**{2}** This case arises from the qualification of approximately seventy disputed mailed ballots from the November 5, 2019 nonpartisan Las Cruces mayoral election, in which Defendant Mike Tellez (Tellez) was a candidate. Shortly before the election, the AVEB identified approximately seventy ballots as lacking one or more of the fields for the voter's name, address, and year of birth on these ballots' outer mailing envelope.

**{3}** The County Clerk of Doña Ana County (the Clerk) consulted with the Secretary about the disposition of these ballots, and the Secretary issued guidance that, based on her interpretation of NMSA 1978, Section 1-6-14 (2019, amended 2023):

> [Mailed] ballots should only be rejected if the person 1) did not sign the oath or 2) if the voter has not previously provided the "required voter identification" pursuant to . . . Section 1-6-14(B). Required voter identification is determined to be missing if the voter is a new registrant who registered by mail without submitting the required documentary identification and does *not* provide this information with the returned mailed ballot as required by NMSA 1978, Section 1-4-5.1 [(2019)].

**{4}** The Secretary's guidance thus indicated that a voter's failure to fill in one or more of the fields for the voter's name, address, and year of birth on a mailed ballot's outer mailing envelope was not a basis for rejecting these ballots pursuant to Section 1-6-14 (2019). The Clerk relayed the Secretary's guidance to the AVEB and directed the AVEB to qualify the estimated seventy ballots at issue. As a result, the AVEB opened the outer mailing envelopes, removed the inner envelopes containing the ballots from their outer mailing envelopes, and removed the ballots from their inner envelopes. After comingling ballots separated from their outer mailing envelopes, Plaintiffs alleged, there is no

"systematic or practical way" to rematch ballots to their outer envelope, "effectively eliminating any opportunity to have [these ballots'] validity decided by the [c]ourt."

**{5}**     Plaintiffs sued Defendants, arguing that the Secretary had erroneously interpreted Section 1-6-14 (2019) of the Absent Voter Act (AVA), NMSA 1978, §§ 1-6-1 to -23 (1969, as amended through 2023). Plaintiffs contended that the proper interpretation of Section 1-6-14 (2019) required that the AVEB sequester the disputed ballots, unopened, in a separate container provided for rejected or challenged ballots, but that these ballots could ultimately be qualified if the voter rectified his or her ballot by adding the missing information. Although Plaintiffs conceded that assessing the validity of the seventy disputed mailed ballots was no longer possible, their complaint sought (1) a declaratory judgment setting forth the meaning of "required voter identification" as used in Section 1-6-14 (2019); (2) a permanent injunction against the counting of mailed ballots lacking any of the three voter-identification fields—for the voter's name, address and year of birth—on a mailed ballot's outer envelope; and (3) an injunction ordering the Secretary and Clerk to update their training of and guidance to all future AVEBs to reflect the correct interpretation of Section 1-6-14 (2019).

**{6}**     Defendants moved to dismiss Plaintiffs' complaint, and the district court granted Defendants' motion. In granting the motion, the district court concluded that both Tellez and the RPNM lacked standing and that the great public importance exception to the traditional standing requirements did not apply. Having dismissed the complaint for lack of standing, the court did not reach the merits of the case. Plaintiffs appealed.

**{7}**     Then, in March 2023, during the pendency of this appeal, the Legislature amended Section 1-6-14 (2019). The 2023 version of Section 1-6-14(B) removes the phrase "required voter identification."

**{8}**     This Court ordered Plaintiffs to show cause why the appeal should not be dismissed as moot as a result of this amendment. Plaintiffs responded.

**DISCUSSION**

**{9}**     In their response to the Order to Show Cause, Plaintiffs state that they "conditionally and partially agree that the recent amendment of . . . Section 1-6-14 . . . moots the ultimate substantive dispute in this case." Plaintiffs' response goes on to state that "the specific dispute" about whether mailed ballots lacking an address or year-of-birth should be counted or set aside for cure "under pre-2023 law is now irrelevant." Based on our own review, we conclude that the substantive issue in this case—the interpretation of "required voter identification" as used in Section 1-6-14 (2019)—is moot.

**{10}**     Plaintiffs nevertheless request that this Court review the district court's ruling on standing, upon which that court based its dismissal, despite the "now-moot dispute over statutory construction." To do so, Plaintiffs request that this Court apply an exception to the doctrine of mootness. *See Cobb v. State Canvassing Bd.*, 2006-NMSC-034, ¶ 23,

140 N.M. 77, 140 P.3d 498 ("We may review moot cases that (1) present issues of substantial public interest or (2) which are capable of repetition yet evading review."). Plaintiffs argue that the issue of standing presents a question of substantial public interest because allowing the district court's ruling to stand would "mean[] that political parties, candidates, and voters can never challenge the qualification and counting of absentee ballots *on any ground* . . . until it is too late to matter." We also understand Plaintiffs to argue that this is an issue capable of repetition yet evading review because, without a decision from this Court addressing standing, erroneous agency interpretations of Election Code provisions could likely recur and avoid judicial review.

{11}    We acknowledge that the short time frame of election contests presents difficulties in challenging the results of an election. *See Cobb*, 2006-NMSC-034, ¶ 31 (noting that "the short time frame provided for election contests" made the plaintiffs' claim "an issue capable of evading review"). Nevertheless, parties who file election claims are not without recourse. Even when the outcome of a particular election is no longer in dispute, both district and appellate courts may still reach the merits of such cases that "(1) present issues of substantial public interest or (2) which are capable of repetition yet evading review." *See id.* ¶ 23; *accord ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 12, 144 N.M. 471, 188 P.3d 1222 ("[T]he great public importance doctrine exists as an overarching exception to . . . [the] general standing requirements, allowing this Court to reach the merits of a case even when the traditional criteria for standing are not met, either by an individual or an organizational plaintiff.").

{12}    In general, however, courts applying these exceptions in the context of election claims have gone on to reach the substantive issues underlying the dispute—the interpretation and application of laws that remained in effect. *See Cobb*, 2006-NMSC-034, ¶¶ 28-29, 35, 37, 39 (concluding that a claim based on an election statute that was later amended constituted an issue of substantial public importance and capable of repetition yet evading review, reasoning in part that the amendment to the statute did not affect the petitioners' claim, and because the amendment was unconstitutional, leaving the challenged statute effective such that the actions underlying petitioners' claims could be repeated); *Gunaji v. Macias*, 2001-NMSC-028, ¶¶ 4, 10, ¶¶ 12-36, 130 N.M. 734, 31 P.3d 1008 (determining that the issue of erroneous omission of candidate names on election ballots was capable of repetition yet evading review because the issue was likely to arise again, and going on to determine whether such errors violated the New Mexico Constitution and looking to provisions of the Election Code for guidance in fashioning a remedy).

{13}    Here, by contrast, the specific statutory phrase whose interpretation Plaintiffs challenge—"required voter identification"—has been removed from the 2023 version of Section 1-6-14(B). There is no substantive dispute for either the district court or this Court to reach. Thus, this case does not present us with an opportunity to clarify our Election Code. *Cf. Cobb*, 2006-NMSC-034, ¶ 39 (stating that "the issue of clarifying our Election Code . . . make this a case of great public importance"). Moreover, because the specific statutory phrase whose interpretation Plaintiffs challenge has been removed, we cannot say there is a risk that election officials might misinterpret that phrase in the

future. *Cf. id.* ¶¶ 7, 29 (concluding that challenged actions taken by a state election entity pursuant to an election statute were capable of repetition in part because the statute relied on by the entity in support of its actions remained in force). And given that the specific statutory language upon which Plaintiffs' claim is based has been removed, we cannot say that future litigants would make an argument identical to Plaintiffs' claim. *Cf. id.* ¶ 39 (conferring standing to challenge an election statute amended after petitioners filed their claim in part because the amendment did not affect the petitioners' claim and future litigants would make an identical argument to the petitioners' claim). To the extent Plaintiffs assert that, without a decision from this Court addressing standing, judicial review of agency interpretations of Election Code provisions will be made improbable due to possible later amendments to such provisions, we think this argument is speculative. Because the statutory interpretation issue is moot and does not fall within one of the exceptions to the mootness doctrine and because the parties have presented us with limited briefing on the standing question that Plaintiffs ask us to address, we decline to exercise our discretion to review the district court's ruling on standing pursuant to either mootness exception. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853 ("The Court's review of moot cases that either raise an issue of substantial public interest or are capable of repetition yet evading review is discretionary.").

**CONCLUSION**

**{14}**   For the foregoing reasons, we dismiss this appeal as moot and decline to vacate the district court's order dismissing Plaintiffs' complaint.

**{15}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**